This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41747**

**KIMBERLY BUSICH,**

Petitioner-Appellee,

v.

**MATTHEW BUSICH,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Cheryl H. Johnston, District Court Judge**

Border Law Office
Dean E. Border
Albuquerque, NM

for Appellee

Frazier & Ramirez Law
Sean S. Ramirez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Respondent appealed following the entry of a final disposition in the underlying matter. We issued a notice of proposed summary disposition in which we proposed to reverse and remand. Petitioner has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse and remand for further proceedings.

**{2}** The relevant background information has previously been set forth. To briefly summarize, Respondent filed objections sixteen days after the hearing officer issued a report containing recommendations. Roughly, an hour later the district court entered an order inaccurately indicating that no objections had been filed, and adopting the hearing officer's report. Respondent filed a timely motion for reconsideration, requesting consideration of the objections on the merits. The district court denied the motion, based upon its determination that Respondent's objections had not been filed in a timely fashion. The instant appeal followed.

**{3}** Rule 1-053.2(F) NMRA specifies that "objections may be filed within fourteen (14) days after service of the [domestic relations hearing officer's] recommendation." Importantly, Rule 1-006(C) NMRA further provides, "When[ever] a party may or must act within a specified time after service . . . three (3) days are added after the period would otherwise expire[.]"  In this case, applying Rule 1-053.2(F) in conjunction with Rule 1-006(C) renders Respondent's objections timely.

**{4}** The district court declined to apply Rule 1-006(C) below, on the theory that the filing of objections pursuant to Rule 1-053.2 is analogous to the filing of an appeal. [RP 585] Petitioner similarly urges that Rule 1-006(C) should not apply. [MIO 2] We disagree. The scope of Rule 1-006(C) is made clear within Subsection (A) of the same rule, which provides for universal application in relation to the computation of any time period specified in the Rules of Civil Procedure, unless another applicable rule of procedure contains a computation provision that *expressly supersedes* Rule 1-006. Neither Rule 1-053.2 nor any other applicable rule of which we are aware expressly supersedes Rule 1-006 in this context. We therefore conclude that Rule 1-006(C) applies to the situation at hand. *See generally Gates v. N.M. Taxation & Revenue Dep't*, 2008-NMCA-023, ¶ 10, 143 N.M. 446, 176 P.3d 1178 ("In interpreting a Supreme Court rule of procedure, we look first to the rule's plain language. If the rule is unambiguous, we give effect to its language and refrain from further interpretation." (internal quotation marks and citations omitted)).

**{5}** Insofar as Respondent's objections were filed in a timely fashion, it was incumbent upon the district court to consider them. *See generally Rawlings v. Rawlings*, ___-NMSC-___, ¶¶ 8-17, ___ P.3d ___ (S-1-SC-39107, Feb. 19, 2024) (holding that Rule 1-053.2(H) requires the district courts to review and consider the recommendations of domestic relations hearing officers and associated objections; although, neither particular procedures such as in-person hearings nor additional specificity relative to the basis for decisions ultimately rendered in accordance with hearing officers' recommendations are required); *Buffington v. McGorty*, 2004-NMCA-092, ¶ 30, 136 N.M. 226, 96 P.3d 787 (explaining that in this context, although the nature of the review to be conducted by the district court is dependent upon the nature of the objections being considered, the district courts must consider objections). To that end, we conclude that we must reverse and remand.

**{6}** In closing, Petitioner contends that Respondent's litigation conduct has been consistently interposed for purposes of delay and obstruction, in light of which she

suggests that the underlying disposition should be upheld. [MIO 2-3] However, as an appellate tribunal we cannot entertain the premise in the first instance; and consequently, the argument does not supply a basis for affirmance. *See, e.g.*, *Paz v. Tijerina*, 2007-NMCA-109, ¶ 24, 142 N.M. 391, 165 P.3d 1167 (declining to affirm on a "right for any reason" basis, where the district court made no findings that the appellees were acting in bad faith or engaging in misconduct, and the district court never reached that argument).

**{7}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we reverse and remand for further proceedings.

**{8}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**